ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
BLAKE R. JONES, ESQ. (SBN 211221)
blake@crosnerlegal.com
SEPIDEH ARDESTANI, ESQ. (SBN 274259)
sepideh@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff VINCE BURKLUND

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| VINCE BURKLUND, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br> v.<br><br>GARDEN GROVE UNIFIED SCHOOL DISTRICT, a California public school district; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No.: 8:22-cv-01132-DOC-JDEx<br><br>[Assigned to Judge David O. Carter Magistrate Judge John D. Earl]<br><br>**PLAINTIFF'S SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>**1. Recovery of Unpaid Minimum Wages and Liquidated Damages (California Labor Code sections 1182.12, 1194, 1197, 1197.1 and IWC Wage Order No. 4-2001)**<br><br>**2. Violations of the Fair Labor Standards Act (29 U.S.C. sections 201, *et. seq*) and**<br><br>**3. Unfair Competition**<br><br>Action Filed: May 5, 2022<br>Removal Filed: June 6, 2022<br>Trial: TBD |

1

Plaintiff, VINCE BURKLUND ("PLAINTIFF"), as an individual on behalf of himself and on behalf of all others similarly situated hereby files this collective and class action Complaint against Defendants GARDEN GROVE UNIFIED SCHOOL DISTRICT, a California public school district; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.      This court possesses original subject matter jurisdiction over this matter. Venue is proper in the District Court for the Central District of California, as DEFENDANT removed this Action pursuant to 28 U.S.C. section 1331 and 1441(b).

## THE PARTIES

2.      PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California who worked as a full-time non-exempt employee for DEFENDANTS in the State of California.

3.      PLAINTIFF is currently employed by DEFENDANTS. PLAINTIFF worked for DEFENDANTS as a non-exempt employee in the maintenance department of Garden Grove Unified School District for over five years until he went on leave in or around late March 2021 or early April 2021.

4.      DEFENDANTS own, operate, or otherwise manage public schools from grades pre-k through 12th grade for over 40,000 students in Garden Grove Unified

2

School District in Orange County, California.[1]

5.      On information and belief, Defendant GARDEN GROVE UNIFIED SCHOOL DISTRICT, is a California public school district, duly licensed to conduct business in the State of California, and it maintains its principal place of business in Orange County, California.

6.      The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

7.      PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged

---

[1] *See* https://www.ggusd.us/district/about-us. Last visited on April 22, 2022.

above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

### JOINT LIABILITY

8.     Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer or permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer.  See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer

instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

9.      During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and, (3) engaged PLAINTIFF and Class Members to work for them.

10.      PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked.

11.      PLAINTIFF is informed and believes, and thereon alleges that at all times relevantto this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control

over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members. Specifically, upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, the payment of minimum wages, time-keeping practices, and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. Based on information and belief, DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members' employment with or without cause. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation, , the procedures required by DEFENDANTS collectively for recordation of hours worked and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage rates of PLAINTIFF and Class Members.

12.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of

PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

13.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

## **CLASS ALLEGATIONS**

14.    PLAINTIFF brings the California state law claims on behalf of himself, and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

All current and former non-exempt employees that worked for DEFENDANTS in California at any time within the four years prior to the filing of the initial complaint ("Class Period").

a.    Numerosity. While the exact number of Class Members is unknown to PLAINTIFF at this time, the class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the class consists of at least 100 individuals.

b.    Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact

predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum wages, under California law; and (2) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq*.

c. <u>Ascertainable Class.</u>  The proposed class is ascertainable as its members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members.  PLAINTIFF suffered a similar injury as the other Class Members as a result of DEFENDANTS' common practices regarding DEFENDANTS' failure to calculate and pay all owed minimum wages.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to

vigorously prosecute this case.

f.  Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL AND LEGAL ALLEGATIONS

15.    During the four-year period preceding filing of this complaint, PLAINTIFF, and each of the Class Members, were employed by DEFENDANTS in the State of California as non-exempt, employees. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF, and Class Members and suffered and/or permitted them to work.

16.    PLAINTIFF was employed by DEFENDANTS during the relevant period as a full-time, non-exempt employee in the maintenance department of Garden Grove Unified School District. PLAINTIFF worked for DEFENDANTS for over five years until he went on leave in or around late March 2021 or early April 2021. Based on information and belief, PLAINTIFF continued to receive wage statements from DEFENDANTS after going on leave. PLAINTIFF was typically scheduled to work at least eight (8) hours per shift, five (5) days per week.

17.    **Unpaid Minimum Wages**.    DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, including but not limited to,    failure to pay for all hours worked and under the control of DEFENDANTS, time-rounding policies and practices, payment according to scheduled hours worked instead of actual time worked, and mandated pre-shift/post-shit and/or other mandated off-the-clock work policies and practices.

10

18.     Based on information and belief, DEFENDANTS rounded the start and end times of employees' true shift start and end times resulting in PLAINTIFF and other Class Members not being paid all owed minimum wages for all time worked. For example, DEFENDANTS compensated PLAINTIFF only for scheduled hours worked rather than all hours actually worked, by requiring PLAINTIFF and other Class Members to sign a time sheet that notated only the scheduled hours worked in the pay period. Based on information and belief DEFENDANTS only paid PLAINTIFF and the Class Members for the scheduled hours notated on the time sheet, as opposed to all hours actually worked.

19.     Based on information and belief, DEFENDANTS implemented a policy and practice of paying PLAINTIFF and Class Members for scheduled work hours only and not the hours actually worked due in part to mandated off-the-clock work. PLAINTIFF and other Class Members were required to perform pre-shift and post-shift off-the-clock work due to DEFENDANTS' failure to record the true shift start times and shift end times for PLAINTIFF and Class Members. Moreover, DEFENDANTS required PLAINTIFF and Class Members to submit to temperature screenings and notate their temperature on a sheet prior to beginning their scheduled shift. These temperature screenings took at least a few minutes to complete. This work time was not recorded and was not compensated, depriving PLAINTIFF and Class Members of all owed wages for all hours worked.

20.     Based on information and belief, DEFENDANTS failed to pay Class

Members for time they were required to spend completing orientation, trainings, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing documents and policies provided by DEFENDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

21. DEFENDANTS' time rounding, automatic deduction policies and practices as well as mandated off-the-clock work described herein resulted in a failure to account for all hours worked and deprived PLAINTIFF and Class Members of all owed wages.

22. Based on information and belief, DEFENDANTS had actual or constructive knowledge that its time-rounding and auto-deduction policies and practices, payment according to scheduled hours rather than actual hours worked/other off-the-clock work policies and practices described above, resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members.

23. PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS engaged in these same herein described unlawful practices with regard to all of the Class Members and that DEFENDANTS applied these same herein described unlawful practices to all of their employees that it applied to PLAINTIFF.

\\

\\

\\

# **FIRST CAUSE OF ACTION**

**Recovery of Unpaid Minimum Wages and Liquidated Damages**

**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

24.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

25.     DEFENDANTS failed to pay the minimum wage for all hours worked to PLAINTIFF and Class Members, in violation of Labor Code sections 1182.12, 1194, 1197, 1197.1, and all applicable Wage Orders, including but not limited to IWC Wage Order No. 4-2001.

26.     Labor Code section 1182.12(b) provides in pertinent part, "…the minimum wage for all industries shall not be less than…(D) From January 1, 2021 to December 31, 2021, inclusive –twelve dollars ($12) per hour and (E) From January 1, 2022 to December 2021, inclusive, --thirteen dollars ($13) per hour."

27.     Labor Code section 1194 provides, "…any employee receiving less than the legal minimum wage…applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage…including interest thereon, reasonable attorneys' fees and costs of suit."  Payment of a lower wage than the minimum so fixed is unlawful. *Labor Code* section 1197.

28.     California Labor Code section 1197.1 provides penalties for any employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law.

29.    DEFENDANTS violated Labor Code sections 1182.12, 1194, 1197, 1197.1, and subsection 4(A)(1) of all applicable Wage Orders, including but not limited to IWC Wage Order No. 4-2001, by failing to compensate PLAINTIFF and the Class Members for all hours worked at the minimum wage, by virtue of, among other things, DEFENDANTS' time rounding policies and practices, payment according to scheduled hours worked instead of actual time worked, and mandated off-the-clock work policies and/or practices.

30.    DEFENDANTS had and continue to have a continuous policy of failing to pay PLAINTIFF and Class Members for all hours worked at the minimum wage.

31.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of rounding PLAINTIFF's and Class Members' start and end of shift times and/or requiring PLAINTIFF and other Class Members to only record scheduled hours worked.

32.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of paying PLAINTIFF and Class Members for scheduled hours, rather than actual hours worked.

33.    Based on information and belief, DEFENDANTS had and continue to have a continuous policy of requiring PLAINTIFF and the Class Members to perform work prior to clocking in for their shifts and/or outside of their scheduled shift times, resulting in unpaid minimum wages.

34.    Based on information and belief, DEFENDANTS had actual or

constructive knowledge that its time-rounding policies and practices, mandated off-the-clock work, policy and practice of payment according to scheduled work time rather than actual work time resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

35.    DEFENDANT was required to compensate PLAINTIFF and Class Members with the minimum wage for all hours worked.  DEFENDANTS failed to do so, and pursuant to Labor Code section 1194(a), PLAINTIFF and Class Members are entitled to recover "the unpaid balance of the full amount of this minimum wage compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

**Collective Action Claim – Fair Labor Standards Act, 29 U.S.C. section 206, 207, 216**

**(By PLAINTIFF and the FLSA Class Against all DEFENDANTS)**

36.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

37.    PLAINTIFF brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

38.    PLAINTIFF brings this FLSA claim on behalf of himself, and all similarly situated individuals employed by DEFENDANTS as a non-exempt employee in California at any time within three years prior to the filing of the initial

complaint ("FLSA Class").

39.    PLAINTIFF and the FLSA Class are or were employed by DEFENDANTS within the meaning of the FLSA.

40.    At all relevant times, DEFENDANTS were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of FLSA, 29 U.S.C. section 203. Upon information and belief, DEFENDANTS have an annual gross revenue of over $500,000.

41.    Attached hereto as **Exhibit 1** is PLAINTIFF's consent to sue pursuant to section 16(b) of the FLSA, 29 U.S.C. sections 216(b) and 256. Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

42.    The FLSA requires each covered employer, such as DEFENDANTS, to compensate all non-exempt employees for all hours worked and overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

43.    As alleged above, and in violation of 29 U.S.C., section 206, DEFENDANTS failed to compensate PLAINTIFF and the FLSA Class members minimum wages for all hours worked by virtue of DEFENDANTS' time rounding policies and practices, payment according to scheduled work hours rather than actual work hours, and mandated off-the-clock work policies and practices including but not limited to pre-shift off-the-clock work, and other off-the-clock work performed

outside of the scheduled shift times.   On information and belief, Defendant failed to compensate Plaintiff at the minimum wage for off-the-clock work he performed from January 18 through 22, 2021, January 25 through 29, 2021, February 1 through 5, 2021 and February 8 through 12, 2021.  Defendant compensated Plaintiff according to scheduled work hours and did not compensate Plaintiff for time spent doing work tasks before his shift was scheduled to being or after his shift was scheduled to end.

44.    Moreover, the above-described policies and practices resulted in a violation of 29 U.S.C., section 207, as DEFENDANTS failed to compensate all overtime hours by virtue of their time rounding policies, payment according to scheduled work hours rather than actual work hours, and other above-described off-the-clock work policies and practices. Moreover, based on information and belief, DEFENDANTS, in violation of 29 U.S.C., section 207, failed to incorporate all non-discretionary compensation, including but not limited to bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rate when PLAINTIFF and the FLSA Class members worked in excess of 40 hours in a workweek.  On information and belief, Defendant failed to compensate Plaintiff for overtime wages owed for off-the-clock work he performed from January 18 through 22, 2021, January 25 through 29, 2021, February 1 through 5, 2021 and February 8 through 12, 2021.   During these workweeks, Plaintiff performed work duties before his shift began and/or after his shift ended.  Defendant compensated Plaintiff according to scheduled work hours and

did not compensate Plaintiff for time spent doing work tasks before his shift was scheduled to begin or after his shift was scheduled to end.  Defendant compensated Plaintiff for five days per week at eight hours per day (or 40 total hours per week). The uncompensated time would have tipped Plaintiff's total hours worked over forty hours in these workweeks, entitled Plaintiff to overtime wages.  Accordingly, Plaintiff is owed overtime wages for this uncompensated time.

45.    DEFENDANTS failed to make a good faith effort to comply with the FLSA as it relates to the compensation of PLAINTIFF and members of the FLSA Class. DEFENDANTS knew PLAINTIFF and members of the FLSA Class worked off-the-clock hours without proper compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

46.    PLAINTIFF on behalf of himself and the FLSA Class, seeks damages in the amount of the unpaid minimum and overtime wages, liquidated damages as provided by the FLSA, and such other legal and equitable relief as the Court deems just and proper.

47.    PLAINTIFF, on behalf of himself and the FLSA Class, also seeks recovery of attorney's fees and costs of suit incurred as provided by the FLSA, 29 U.S.C. section 216(b).

\\

\\

\\

## THIRD CAUSE OF ACTION

### Unfair Competition

### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

48.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

49.     The unlawful conduct of DEFENDANTS alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum wages by virtue of its illegal policies and practices.

50.     Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, Wage Orders, and FLSA, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay all owed minimum wages.

51.     As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and the Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq*., PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and

unfair business practices.

52.    PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of himself, Class Members, and FLSA Class members as follows:

1.    For an order that the action be certified as a class action;

2.    For an order that PLAINTIFF be appointed as class representative;

3.    For an order that counsel for PLAINTIFF be appointed as class counsel;

4.    For compensatory damages according to proof;

5.    For liquidated damages according to proof;

6.    For penalties according to proof;

7.    For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8.    For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9.    For an order enjoining DEFENDANTS from further acts of unfair competition;

10.    For pre-judgment interest as permitted by law;

11.     For an order certifying the second cause of action of this Complaint as a collective action under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. section 216(b) to all members of the FLSA Class with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. section 216(b).

12.     For attorney's fees and costs reasonably incurred; and

13.     For such other and further relief that the Court deems just and proper.

Dated:  August 3, 2022                           **CROSNER LEGAL, PC**

                                        By: _____
                                              Michael R. Crosner, Esq.
                                              Zachary M. Crosner, Esq.
                                              Blake R. Jones, Esq.
                                              Sepideh Ardestani, Esq.
                                              Attorneys for Plaintiff,
                                              VINCE BURKLUND

\\
\\
\\
\\
\
\\
\\
\\

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated:  August 3, 2022                                   **CROSNER LEGAL, PC**

By: _____

Michael R. Crosner, Esq.
Zachary M. Crosner, Esq.
Blake R. Jones, Esq.
Sepideh Ardestani, Esq.
Attorneys for Plaintiff,
VINCE BURKLUND